RAHUL RAVIPUDI, ESQ.
Nevada Bar No. 14750
rravipudi@panish.law
ERIKA CONTRERAS, ESQ.
Nevada Bar No. 12721
econtreras@panish.law
IAN SAMSON, ESQ.
Nevada Bar No. 15089
isamson@panish.law
RACHEL N. SOLOW, ESQ.
Nevada Bar No. 009694
rsolow@panish.law
**PANISH | SHEA | RAVIPUDI LLP**
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
Telephone: 702.560.5520

SHEENA CHRISTMAS-FOSTER, ESQ.
Nevada Bar No. 13462
scf@christmasfosterlaw.com
**CHRISTMAS FOSTER INJURY LAW FIRM**
5550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149
Telephone: 702.703.6020
*Attorneys for Plaintiffs*

PANISH SHEA RAVIPUDI LLP
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
702.560.5520 phone • 310.477.1699 fax

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ATCHO ALI, individually; ATCHO ALI, as guardian ad litem for I.M.A., a minor; and ATCHO ALI, as administrator for the ESTATE OF SABI MOROU ASSOSSO,

Plaintiffs,

v.

MEAD CONSTRUCTION, INC., a foreign corporation; PEDRO JIMENEZ, an individual; DOES 1 through 10, inclusive; and ROE COMPANIES 1 through 10, inclusive,

Defendants.

Case No. 2:26-cv-01457-JAD-DJA

**PLAINTIFFS' MOTION FOR LEAVE OF COURT TO TAKE THE VIDEOTAPED DEPOSITION OF DEFENDANT PEDRO JIMENEZ, AN INCARCERATED PERSON, PURSUANT TO FED. R. CIV. P. 30(a)(2)(B)**

/ / /

/ / /

PANISH SHEA RAVIPUDI LLP
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
702.560.5520 phone • 310.477.1699 fax

Plaintiffs, ATCHO ALI ("Plaintiff" or "Atcho"), individually, and as guardian ad litem for I.M.A., a minor child, and ATCHO ALI, as administrator for the ESTATE OF SABI MOROU ASSOSSO (collectively, "Plaintiffs"), by and through their attorneys of record, the law firms of PANISH | SHEA | RAVIPUDI LLP and CHRISTMAS FOSTER INJURY LAW FIRM, hereby move this Court for an order granting leave to take the deposition of Defendant PEDRO JIMENEZ, who is currently incarcerated at High Desert State Prison, in the custody of the Nevada Department of Corrections (NDOC Inmate No. 1312806), pursuant to Fed. R. Civ. P. 30(a)(2)(B). This Motion is made and based upon Fed. R. Civ. P. 30(a)(2)(B), Fed. R. Civ. P. 26(b)(1) and (2), Local Rule 7-2, the following Memorandum of Points and Authorities, all pleadings and papers on file herein, and any argument the Court may entertain.

DATED this 14th day of August 2026.

**PANISH | SHEA | RAVIPUDI LLP**

By: */s/ Rachel N. Solow, Esq.*
RAHUL RAVIPUDI, ESQ. (14750)
ERIKA CONTRERAS, ESQ (12721)
IAN SAMSON, ESQ. (15089)
RACHEL N. SOLOW, ESQ (009694)

**CHRISTMAS-FOSTER INJURY LAW FIRM**
SHEENA CHRISTMAS-FOSTER, ESQ. (13462)
5550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149
*Attorneys for Plaintiffs*

PANISH SHEA RAVIPUDI LLP
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
702.560.5520 phone • 310.477.1699 fax

**DECLARATION OF RACHEL N. SOLOW, ESQ. PURSUANT TO 28 U.S.C. § 1746**

Declarant, Rachel N. Solow, Esq., hereby declares as follows:

1. I am an attorney of record for Plaintiffs in the instant case and am licensed to practice law in the State of Nevada.

2. I have personal knowledge of the following facts and am competent to testify to all matters herein. I make this Declaration pursuant to 28 U.S.C. § 1746.

3. Defendant PEDRO JIMENEZ is presently incarcerated at High Desert State Prison, in the custody of the Nevada Department of Corrections, NDOC Inmate No. 1312806, following his guilty plea and sentencing arising out of the December 18, 2025, collision that is the subject of this action.

4. Plaintiffs brought the instant action against, among others, Defendant PEDRO JIMENEZ and Defendant MEAD CONSTRUCTION, INC., based upon claims of negligence and wrongful death.

5. It is expected that Defendant PEDRO JIMENEZ will testify as to the facts and circumstances alleged in Plaintiffs' Complaint regarding the collision that resulted in the death of Sabi Morou Assosso.

6. Defendant PEDRO JIMENEZ's testimony is material to this matter, as he is a party to this case whom Plaintiffs allege is liable for causing the fatal collision, and whose testimony bears directly on the scope of his employment with, and the vicarious and independent liability of, Defendant MEAD CONSTRUCTION, INC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of August, 2026, at Las Vegas, Nevada.

*<u>/s/ Rachel N. Solow, Esq.</u>*
RACHEL N. SOLOW, ESQ.

PANISH SHEA RAVIPUDI LLP
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
702.560.5520 phone • 310.477.1699 fax

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs seek leave of this Court to take the deposition of Defendant, PEDRO JIMENEZ, who is presently incarcerated at High Desert State Prison, in the custody of the Nevada Department of Corrections. Under Fed. R. Civ. P. 30(a)(2)(B), a party must obtain leave of court to depose a person confined in prison. The Rule further provides that the Court must grant leave to the extent consistent with Fed. R. Civ. P. 26(b)(1) and (2). Plaintiffs' Counsel's Declaration, submitted pursuant to 28 U.S.C. § 1746, sets forth the nature of the action, the testimony expected from Defendant Jimenez, and its materiality.

The requested deposition is necessary to obtain relevant testimony central to the claims and defenses in this matter. Defendant Jimenez is a party to this action with direct, personal knowledge of the events giving rise to Plaintiffs' Complaint. Accordingly, Plaintiffs respectfully request that their Motion be granted.

## II. FACTUAL BACKGROUND

### A. Case Background and Procedural History

This action arises from a fatal incident that occurred on or about December 18, 2025, when Defendant PEDRO JIMENEZ, while allegedly acting within the course and scope of his employment or agency with Defendant MEAD CONSTRUCTION, INC., struck and killed Sabi Morou Assosso at or near the intersection of South Las Vegas Boulevard and North Cactus Avenue in Las Vegas, Nevada, and fled the scene. Plaintiffs allege that Defendant Jimenez's negligent operation of a motor vehicle directly and proximately caused the wrongful death of Sabi Morou Assosso, and that Defendant Mead Construction, Inc. is vicariously liable for Jimenez's conduct and independently liable for its own negligence, including negligent hiring, training, retention, supervision, and/or entrustment. As a result of Defendants' alleged collective negligence, Plaintiffs seek to recover damages including, but not limited to, wrongful death damages, funeral and burial expenses, loss of financial support, loss of companionship, and attorneys' fees.

Following the collision, Defendant Jimenez was criminally charged in connection with the incident. He subsequently entered a guilty plea and began serving his Nevada criminal sentence. He

PANISH SHEA RAVIPUDI LLP
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
702.560.5520 phone • 310.477.1699 fax

is presently incarcerated at High Desert State Prison, in the custody of the Nevada Department of Corrections, NDOC Inmate No. 1312806.

Defendant Jimenez is a party to this matter and has direct, personal knowledge of the facts and circumstances surrounding the December 18, 2025, collision. His testimony will concern the facts of this case and is relevant to Plaintiffs' allegations of duty, breach, and causation. As he was allegedly working in the course and scope of his employment with Defendant Mead Construction, Inc. at the time of the collision, Defendant Jimenez will also testify regarding his relationship with, and the scope of his work for, Defendant Mead Construction, Inc. This testimony is relevant to Plaintiffs' claims of vicarious liability and negligence against Mead Construction, Inc., as well as to the disputed questions of Jimenez's citizenship and domicile that have been raised in connection with Defendants' removal of this action. In short, Defendant Jimenez's testimony is material to the claims and defenses at issue in this case.

## III. LEGAL STANDARD

Fed. R. Civ. P. 30(a)(2)(B) provides that a party must obtain leave of court to take the deposition of a person confined in prison. The Rule further provides that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)" where the deponent is confined in prison.

Fed. R. Civ. P. 26(b)(1) permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(2) permits the Court to limit the frequency or extent of discovery otherwise allowed only where it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Because Defendant Jimenez is presently incarcerated within the Nevada Department of

PANISH SHEA RAVIPUDI LLP
300 South Fourth Streeta, Suite 710
Las Vegas, Nevada 89101
702.560.5520 phone • 310.477.1699 fax

Corrections, and no writ of habeas corpus ad testificandum or order compelling his physical production in court is being sought, Plaintiffs propose that the deposition be conducted remotely, with the logistics coordinated directly with the institution consistent with its security and administrative requirements. Nothing in Fed. R. Civ. P. 30 requires an incarcerated party-deponent to be physically produced outside the facility in order for his deposition to proceed; rather, remote depositions of incarcerated persons are routinely conducted by videoconference at the correctional facility itself, pursuant to Fed. R. Civ. P. 30(b)(4).

Local Rule 7-2 governs motion practice before this Court and requires that motions be supported by a memorandum of points and authorities, as set forth below.

## IV. ARGUMENT

### A. The Proposed Deposition Seeks Relevant and Proportional Discovery

Defendant PEDRO JIMENEZ has material, firsthand knowledge concerning the Subject Incident that occurred on or about December 18, 2025, when he struck and killed Sabi Morou Assosso near the intersection of South Las Vegas Boulevard and North Cactus Avenue in Las Vegas, Nevada, and fled the scene. Plaintiffs allege that Defendant Jimenez was, at the time, acting within the course and scope of his employment or agency with Defendant Mead Construction, Inc. The testimony sought is directly relevant to the claims and defenses asserted in this action, including the questions of negligence, vicarious liability, and Defendant Jimenez's citizenship and domicile, and cannot be fully obtained through alternative discovery methods.

The deposition is proportional to the needs of the case because:

- The issues at stake — including liability for a wrongful death and the disputed basis for federal jurisdiction — are significant;
- The testimony is uniquely within the personal knowledge of Defendant Jimenez; and
- The anticipated burden of conducting the deposition remotely is minimal compared to its substantial evidentiary value.

**B. The Proposed Deposition Can Be Conducted Without Undue Burden to the Institution**

Plaintiffs propose that the deposition be conducted via Zoom videoconference at the correctional facility, at a date and time coordinated with the institution. Plaintiffs will comply with all institutional requirements and security procedures of the Nevada Department of Corrections and High Desert State Prison in scheduling and conducting the deposition.

Conducting the deposition remotely, if permitted by the facility, will further reduce logistical burden and expense to all parties and to the institution.

There is no indication that the requested deposition is cumulative, duplicative, or intended for delay. Accordingly, leave should be granted pursuant to Fed. R. Civ. P. 30(a)(2)(B).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order granting leave, pursuant to Fed. R. Civ. P. 30(a)(2)(B), to take the videotaped deposition of Defendant PEDRO JIMENEZ, currently incarcerated at High Desert State Prison, at a mutually convenient date and time.

DATED this 14th day of August 2026.

**PANISH | SHEA | RAVIPUDI LLP**

By: *_/s/ Rachel N. Solow, Esq._*

RAHUL RAVIPUDI, ESQ. (14750)
ERIKA CONTRERAS, ESQ (12721)
IAN SAMSON, ESQ. (15089)
RACHEL N. SOLOW, ESQ (009694)

**CHRISTMAS-FOSTER INJURY LAW FIRM**
SHEENA CHRISTMAS-FOSTER, ESQ. (13462)
5550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149
*Attorneys for Plaintiffs*

PANISH SHEA RAVIPUDI LLP
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
702.560.5520 phone • 310.477.1699 fax

PANISH SHEA RAVIPUDI LLP
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
702.560.5520 phone • 310.477.1699 fax

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that I am an employee of **PANISH SHEA RAVIPUDI LLP** and that on August 14, 2026, I caused the **PLAINTIFFS' MOTION FOR LEAVE OF COURT TO TAKE THE VIDEOTAPED DEPOSITION OF DEFENDANT PEDRO JIMENEZ, AN INCARCERATED PERSON, PURSUANT TO FED. R. CIV. P. 30(a)(2)(B),** to be served via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk:

**TYSON & MENDES**
GRIFFITH H. HAYES, ESQ.
Nevada Bar No. 7374
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
E-mail: ghayes@tysonmendes.com
*Attorneys for Defendant Pedro Jimenez*

**ROPERS MAJESKI, P.C.**
Timothy Lepore, Esq.
Nevada Bar No. 13908
Lawrence Borys, Esq.
(*pro hac vice forthcoming*)
Eric N. Tran, Esq.
Nevada Bar No. 11876
6623 Las Vegas Blvd S,
Suite F-230,
Las Vegas, NV 89119
*Attorneys for Defendant Mead Construction, Inc.*

By: */s/ Richard Chavez*
An Employee of
**PANISH | SHEA | RAVIPUDI LLP**

Plaintiff's motion for leave to take the videotaped deposition of incarcerated Defendant Pedro Jimenez is **GRANTED** (ECF No. 26). High Desert State Prison shall allow for the remote deposition of Pedro Jimenez, Inmate No. 1312806 at a date and time that is mutually convenient for the parties and the prison, but no later than **November 16, 2026**. Plaintiff must contact High Desert State Prison to schedule the deposition.

**IT IS SO ORDERED.**

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: September 16, 2026